UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
JOSHUA D. SICKELS and               )
SARAH R. SICKELS,                   )
                                    )   Bankruptcy No. 07-01569
     Debtors.                       )
_____         )
SHERYL SCHNITTJER, Trustee,         )
                                    )   Adversary No. 07-09190
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
LINN AREA CREDIT UNION,             )
                                    )
     Defendant.                     )


**ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT
(Docs. 10, 18 and 23)**

     This matter came before the undersigned on May 30, 2008
pursuant to assignment.   Attorney Eric Lam appeared for
Plaintiff/Trustee Sheryl Schnittjer.   Attorney Robert O'Shea
appeared for Defendant Linn Area Credit Union (the "Credit
Union").   After hearing arguments of counsel, the Court took the
matter under advisement.   This is a core proceeding pursuant to
28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

     Both parties have filed Motions for partial summary
judgment.   Trustee requests summary judgment on her case in
chief, asserting she has met all elements of § 544(a)(3) and
§ 362(a)(5) regarding the Credit Union's lien on Debtors' real
estate which it perfected postpetition.   Both parties assert they
are entitled to summary judgment on the issue of whether Trustee
is entitled to a monetary judgment under § 550(a).

**TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 10)**

     Trustee's complaint asserts the Credit Union's mortgage was
not recorded prior to the August 29, 2007 petition date.   Rather,
the Credit Union recorded a copy of the mortgage on September 27,
2007.   Trustee's initial motion for partial summary judgment
asserts that, under § 544(a)(3), the Credit Union's lien was not

properly perfected.  She also argues she is entitled to a ruling
under § 362(a)(5) that the recording of the mortgage is void as a
postpetition transfer in violation of the automatic stay.  No
resistance was filed.

At the hearing, counsel for the Credit Union stated that it
does not resist partial summary judgment to the extent set out in
this motion.  Thus, the Court concludes Trustee's Motion for
Partial Summary Judgment, Doc. 10, can be granted.  The remaining
issues relate to the remedy to which Trustee is entitled after
making a successful claim under § 544(a)(3) or § 362(a)(5).

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### (Doc. 18) AND TRUSTEE'S CROSS MOTION FOR
### PARTIAL SUMMARY JUDGMENT (Doc. 23)

The Credit Union's motion for partial summary judgment
asserts that Trustee's sole remedy is avoidance of the lien and she
cannot receive a money judgment.  It argues a money judgment
is not appropriate in cases where a trustee avoids a
nonpossessory mortgage lien.  When a mortgage lien is avoided,
there is simply nothing left to recover under § 550(a).  The
avoidance of the lien restores Debtors' financial condition to
the state it would have been had the mortgage never existed.

Trustee filed a cross motion asserting that the value of the
Credit Union's lien is $52,800 and Trustee is entitled to a money
judgment in that amount.  She asserts the Court may award the
value of the lien in addition to avoidance if avoidance is
insufficient to make the estate whole.  Here, the value of the
property has dropped since the property was initially appraised
in March 2007, when Debtors were negotiating the mortgage.  Thus,
Trustee argues mere avoidance of the lien will not make the
estate whole.

The Credit Union's mortgage lien, which secures a loan of
$52,800, is subject to a first mortgage of $192,000.  The
mortgage is dated June 13, 2007.  (Pl.'s Ex. SJ200.)  An
appraisal of the property dated March 26, 2007 values it at
$272,000.  (Pl.'s Ex. SJ201.)  An appraisal done in April 2008
states the property's value is between $199,000 and $205,000,
(Pl.'s Ex. SJ202.)  Trustee argues that, because of the drop in
the value of the real estate, the benefit to the estate of
avoiding the $52,800 fraudulent transfer is now limited to, at
best, $13,000 ($205,000 value minus first mortgage of $192,000).
She seeks a judgment of the entire amount of the original loan,
arguing that only a money judgment can make the estate whole.
Trustee points out that, as Debtors have reaffirmed the debt, the

2

Credit Union has recourse against Debtors if Trustee is granted a judgment.

## CONCLUSIONS OF LAW

Trustee asserts that, having met the burden to prove the elements of her claim under § 544(a)(3) against the Credit Union, she is entitled to a judgment under § 550(a) for the value of the Credit Union's lien in the amount of the original loan Debtors received, or $52,800.  Section 550 states, in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

. . .

(d) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

11 U.S.C. § 550(a), (d).  The Court has discretion under § 550(a) to remedy a § 544(a)(3) transfer by ordering either the property or its value returned to the bankruptcy estate.  <u>See</u> <u>In re Willaert</u>, 944 F.2d 463, 464 (8th Cir. 1991) (discussing § 547(b) avoidance of preferential transfer).  Section 550 determines from whom the trustee may recover property, <u>In re Sherman</u>, 67 F.3d 1348, 1356 (8th Cir. 1995), and in what form.  <u>In re McLaren</u>, 236 B.R. 882, 902 (Bankr. D.N.D. 1999).  The purpose of § 550 is to restore the debtor's financial condition to the state it would have been had the transfer not occurred.  <u>In re DLC, Ltd.</u>, 295 B.R. 593, 607 (B.A.P. 8th Cir. 2003); <u>see also</u> <u>Willaert</u>, 944 F.2d at 464 (stating the purpose of § 547(b)'s avoidable preference provision is to restore the bankruptcy estate to its pre-preferential transfer condition).

Avoidance and recovery are distinct concepts.  <u>DLC, Ltd.</u>, 295 B.R. at 606; <u>In re Schwartz</u>, 383 B.R. 119, 126 (B.A.P. 8th Cir. 2008) (stating §§ 547 and 550 create separate and distinct causes of action).  The fact that avoidance and recovery are

3

distinct suggests that avoidance need not always trigger recovery.  In re Burns, 322 F.3d 421, 427 (6th Cir. 2003).  The remedy of recovery is only necessary when the remedy of avoidance is inadequate.  Id.  In Burns, the court stated that avoidance of a defective mortgage is an adequate remedy in and of itself. Under the Bankruptcy Code, immediately upon avoidance of the mortgage interest it becomes part of the bankruptcy estate.  Id. at 428, citing 11 U.S.C. § 544(a) (avoidance of unperfected transfer), § 551 (preservation of the transfer for the estate), and § 541(a)(4) (property of the estate includes property preserved under § 551).

     In In re Vondall, 352 B.R. 193, 200 (Bankr. D. Minn. 2006) (Kressel, J.), the court denied the Chapter 7 trustee's request for a money judgment after a mortgage was avoided under § 544(a). It stated that avoidance of a grant of a security interest is sufficient to recover the transferred property.  Id.; DLC, Ltd., 295 B.R. at 602 n.7.  "Ordering [the creditor] to pay the trustee the value of its secured claim would allow the trustee to collect twice on [the] secured claim – once from [the creditor] and again by realizing on [the] preserved mortgage." Vondall, 352 B.R. at 200.  Other courts have come to similar conclusions.  See In re Early, 2008 WL 2073917, at *4 (Bankr. D.D.C. May 12, 2008) (resort to § 550(a) to recover a lien is almost never necessary); In re Salinitro, 355 B.R. 15, 19 (Bankr. E.D. Mich. 2006) (upon avoidance under § 544, mortgage is preserved for the benefit of the estate and there is nothing for the trustee to recover under § 550(a)); In re Unglaub, 332 B.R. 303, 323 (Bankr. N.D. Ill. 2005) (avoidance of mortgage under § 544 makes bankruptcy estate whole).

     The Eighth Circuit Bankruptcy Appellate Panel distinguished Vondall in Schwartz, noting that, in contrast, the Schwartz bankruptcy estate would not be made whole by mere avoidance of the mortgages because the prepetition lenders no longer held the mortgages.  383 B.R. at 126.  In Schwartz, the only remedy available was a money judgment against the prepetition lenders for the value of the mortgages.  Id.

     The court in Burns noted that many cases will turn on whether the creditor's interest is possessory or nonpossessory, a distinction which does not explicitly appear in the Bankruptcy Code.  322 F.3d at 428.  The Code, however, implicitly suggests such a distinction because recovery under § 550 imparts a notion that a possessory interest in property exists while preservation under § 551 is by its very nature only applicable to nonpossessory interests.  Id. at 429; see also In re Morgan, 276 B.R. 784, 792 (Bankr. N.D. Ohio 2001) ("[W]hen a nonpossessory

4

interest in property is avoided, there is nothing left to
recover."). In <u>In re Berg</u>, 387 B.R. 524, 569 (Bankr. N.D. Ill.
2008), the court also referred to legislative history to find
that Congress intended that an avoided nonpossessory lien would
automatically be preserved pursuant to § 551 regardless of any
benefit to the estate. "The remedy of avoidance is adequate for
a non-possessory mortgage interest by operation of 11 U.S.C.
§ 551." <u>Id.</u>

      The cases and examples Trustee cites include instances where
a creditor received a transfer of property, rather than a
transfer of a lien on property. In <u>In re Davenport</u>, 147 B.R.
172, 185 (Bankr. E.D. Mo. 1992), the court awarded a judgment
against defendants who had received an avoidable transfer because
the funds subject to the transfer had been dissipated and lost.
In <u>In re Computer Universe, Inc.</u>, 58 B.R. 28 (Bankr. M.D.Fla.
1986), the court granted a judgment where ordering return of
computer equipment, used by the defendant for over a year, would
be inappropriate. Counsel for Trustee gave an example at the
hearing of a transfer of shares of stock which lose value between
the time of transfer and the time of avoidance of the transfer.
Stock, unlike a lien on property, would be property in the
possession of the hypothetical transferee.

## ANALYSIS

      Trustee and the Credit Union agree that the Credit Union's
lien, purportedly perfected postpetition, is void as a violation
of the automatic stay under § 362(a)(5) and voidable under
§ 544(a)(3) because it was improperly perfected. The parties,
however, dispute whether Trustee is entitled to a money judgment
under § 550(a). The Court concludes that, the Credit Union's
mortgage lien, avoided under § 544(a), is preserved for the
benefit of the estate under § 551 and Trustee is not entitled to
further recovery under § 550(a) in the form of a money judgment.

      Avoidance of the lien constitutes a complete recovery for
the bankruptcy estate. No further recovery is allowed or
necessary to remedy the avoidable transfer or put the estate back
into the financial condition Debtors enjoyed prior to the
transfer. By avoiding the lien, the bankruptcy estate now holds
the property subject only to the first mortgage, just as Debtors
did prior to granting the Credit Union a second mortgage to
secure a loan. If the Court also awarded Trustee a judgment in
the amount of the loan, Trustee would be allowed to collect twice
on the avoided mortgage lien. Such a result is precluded by
§ 550(d). In summary, the Court concludes that the Credit

Union's motion for partial summary judgment should be granted. Trustee is not entitled to a monetary judgment under § 550(a).

**WHEREFORE**, Plaintiff's Motion for Partial Summary Judgment (11 U.S.C. §§ 362 and 544) (Doc. 10) is GRANTED without resistance by Defendant Linn Area Credit Union.

**FURTHER**, Defendant Linn Area Credit Union's Motion for Partial Summary Judgment (Doc. 18) is GRANTED.

**FURTHER**, Plaintiff's Cross Motion for Partial Summary Judgment (Re: Remedy) (Doc. 23) is DENIED.

**FURTHER**, Linn Area Credit Union's mortgage lien is void under §§ 362 and 544.

**FURTHER**, Trustee is not entitled to a monetary judgment under § 550(a).

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: July 11, 2008


PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE